UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:19-CR-14 JD |
| ALTONIO DEQUAN BENSON | |

**OPINION AND ORDER**

Defendant Altonio Benson sent a letter to the Court asking whether he's eligible for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines. (DE 133.) The Court construes Mr. Benson's letter as a motion for a reduction of sentence, but, for the reasons below, it will be denied.[1]

**A. Background**

Mr. Benson pleaded guilty to Hobbs Act Robbery, 18 U.S.C. § 1951(a). At sentencing, the Court found his total offense level to be 23. Mr. Benson had 12 criminal history points—2 of which were assessed, in line with the Guidelines then in effect, because he was under a criminal justice sentence when he committed the instant offense—making his criminal history category V. (PSR, DE 109 ¶¶ 45–47.) This yielded a guideline sentencing range of 84–105 months of imprisonment. The Court sentenced Mr. Benson to 84 months. His projected release date is April 28, 2025. Federal Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 27, 2024).

---

[1] Although Mr. Benson is proceeding pro se, pursuant to General Order 2023-32 of this District, the Court has reviewed the motion to determine whether it should appoint a Federal Community Defender ("FCD") to represent him. (*See* General Order 2023-32 ¶ 5.) As explained in the order, Mr. Benson's motion lacks merit, making such an appointment unwarranted.

**B. Discussion**

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered after her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* Put differently, "a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Smith*, 2024 U.S. Dist. LEXIS 71324, *1-3 (S.D. Ill. April 18, 2024).

Mr. Benson does not satisfy the first criterion because he has not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Mr. Benson received 2 additional criminal history points as status points, and under the latest version of the guidelines he would only receive 1 point. U.S.S.G. § 4A1.1(e). While this would reduce Mr. Benson's criminal history points from 12 to 11, he would remain in the criminal history category

2

V. *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Thus, Amendment 821 has no impact upon Mr. Benson, and he's ineligible for a reduction in sentence under this Amendment.

Next, Mr. Benson is also ineligible for the downward offense adjustment for "Zero-Point Offenders," codified at Guideline § 4C1.1, because he does not have zero criminal history points. *See United States v. Acosta*, 2024 U.S. Dist. LEXIS 76967, *1 (S.D. Ill. Apr. 26, 2024) ("Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.").

Finally, in his letter, Mr. Bensons prays that his sentence be lowered even if he's ineligible under Amendment 821 because his "eyes have been opened" and he wants to go to his son, whom he has "never seen or hugged." (DE 133.) The Court construes this request as a motion for release on the grounds of "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), commonly known as "compassionate release." It appears that Mr. Benson is basing his request on his belief that he has been rehabilitated and that he has a compelling family circumstance for his release.

But his motion fails for two reasons. First, there's no indication that Mr. Benson has exhausted the administrative remedies before submitting his request to the Court. *See* § 3582(c)(1)(A)(i) (requiring the defendant to fully exhaust all administrative rights before filing a motion for reduction in sentence on the basis of "extraordinary and compelling reasons"). Second, Mr. Benson has not shown that his reasons are extraordinary and compelling. The Court may consider a defendant's rehabilitation so long as it is not a stand-alone reason, *see United States v. Hunter*, 12 F.4th 555, 563 (7th Cir. 2021) ("Although [the defendant's] rehabilitation is a post-sentencing change that the district court could consider, it cannot serve as a stand-alone

reason."), but, apart from Mr. Benson's one-sentence assertion that his eyes have been opened, there's nothing in the record to support this claim. Furthermore, while "the defendant's family circumstances" can constitute a basis for compassionate release, *see* U.S.S.G. § 1B1.13 cmt. n.1, as relevant here, this is generally limited to "death or incapacitation of the caregiver of the defendant's minor child or children." Yet nothing in Mr. Benson's submission indicates that his child lost or is at the risk of losing a caregiver, thus foreclosing his argument for an early release.

The Court appreciates the difficulties that prisoners face in maintaining their family ties, but, absent specific authorization, it has no authority to change a sentence once it is imposed. *See United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009) ("Generally, a district court has no power to modify a sentence once it has been imposed.") (citing 18 U.S.C. § 3582(c)). As explained, no such authorization exists here.

### C. Conclusion

For these reasons, the Court DENIES Mr. Benson's motion for relief under Amendment 821 (DE 133).

SO ORDERED.

ENTERED: August 30, 2024

                                           /s/ JON E. DEGUILIO
                                           Judge
                                           United States District Court